IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

FAQIR SINGH, GURDIP KAUR, )
as individuals; and FAQIR SINGH )
and GURDIP KAUR, as Next of Kin of )
HARPREET SINGH, deceased, )
)
              **Plaintiffs,** )
)
v. ) Case No. CIV-19-340-RAW
)
ABF FREIGHT SYSTEM, INC., )
ARCBEST CORP., JUAN T. POSADAS, )
ACE AMERICAN INSURANCE )
COMPANY, and DOES 1-3, )
)
              **Defendants.** )

### ORDER ON PLAINTIFF'S
### MOTION FOR SANCTIONS

On August 27, 2019, Faqir Singh and Gurdip Kaur, as individuals and as next of kin of Harpreet Singh, sued ABF Freight System, Inc., ArcBest Corporation, Juan T. Posadas, Ace American Insurance Company, and Does 1-3 in the District Court of Okmulgee County, Case No. CJ-2019-133. The case was removed to this Court pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction. As pertinent here, a discovery dispute eventually resulted in this Court's entry of an Order Regarding Motions to Compel [Docket No. 77] granting in part the Plaintiff's Motion to Compel [Docket No. 54] against the Defendants. The Plaintiffs have now filed a Motion for Sanctions [Docket No. 86] based on that ruling, which the Court referred to the undersigned Magistrate Judge for final disposition pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned Magistrate

Judge finds that the Plaintiffs' motion should be GRANTED insofar as it seeks an award of attorneys' fees pursuant to Fed. R. Civ. P. 37(a) but otherwise DENIED.

## Background

As described more fully in the Court's Order Regarding Motions to Compel [Docket No. 77], the dispute at issue here arose following the Defendants' attempts to obtain a background investigation into the Plaintiffs, who live in India. Their son Harpreet was a truck driver injured and killed by an ABF truck near Durant, Oklahoma. The Defendants' counsel hired an agency in London to contract with local investigators in India to obtain background information on the Plaintiffs. Unbeknownst to the Defendants' attorney, the local investigators made direct contact with the Plaintiffs during the investigation. The Plaintiffs' attorneys thereupon demanded that the Defendants produce the results of this investigation, which the Defendants refused to do based upon assertion of the attorney-client and work product privileges. The Plaintiffs filed a motion to compel, which was referred to the undersigned Magistrate Judge for final disposition. *See* Docket No. 60. A hearing was held a hearing on April 20, 2021, at which time: (i) the Plaintiffs revealed a videotape showing the direct contact by the local investigators, and (ii) the Defendants submitted the materials obtained from the investigators for *in camera* review. Ultimately, the Defendants withdraw their assertion of privilege as to the investigative materials, and the undersigned Magistrate Judge granted the Plaintiffs' motion to compel, *inter alia*, as to these photographs and reports. *Id.*

**Analysis**

The Plaintiffs now seek sanctions in connection with the granting of their motion to compel by their First Motion for Sanctions for Ethical and Legal Violations [Docket No. 86].  The Plaintiffs request numerous remedies for what they characterize as wrongdoing by the Defendants, *inter alia*: (i) complete waiver of the attorney-client privilege between the Defendants and their attorneys and production of all otherwise privileged materials; (ii) depositions of the local investigators who made direct contact with the Plaintiffs; (iii) preclusion of the use by the Defendants at any stage of these proceedings of any of the information obtained as a result of the investigation; (iv) preclusion of the assertion of certain defenses by the Defendants; and, (v) an award of attorneys' fees under Fed. R. Civ. P. 37(a).  Other than the request for attorneys' fees, which will be addressed below, the undersigned Magistrate Judge finds that the sanctions requested by the Plaintiffs should be denied as unwarranted on the facts of this case.  The Plaintiffs contend that such sanctions are justified because the direct contact by the local investigators violated both ethical standards applicable to the Defendants' attorneys and the law of India.  But even assuming these contentions are true, there is nothing to indicate that the Defendants themselves or their attorneys ordered or participated in the direct contact with the Plaintiffs by the local investigators.  Indeed, there is nothing to indicate that Defendants or their attorneys were even aware of the contact until the hearing on motion to compel, when the Plaintiffs first revealed the video of the contact.  Based on the *in camera* review of the materials before they were produced, the undersigned Magistrate Judge would note that a reasonable person should have been alerted to the possibility that the investigators had personally contacted

the Plaintiffs, but nevertheless takes defense counsel at his word that he was not so alerted upon his initial review of the materials. In sum, there is simply no basis here for vitiating the Defendants' attorney-client privilege, *e. g.*, by application of the crime-fraud exception.

The Plaintiffs alternatively argue that they should be allowed to conduct discovery to substantiate their claims that the Defendants and/or their attorneys were involved in the direct contact by the local investigators. Such wide-ranging discovery as the Plaintiffs propose is not, however, warranted on such matters wholly collateral to the merits of the underlying action, *i. e.*, a traffic accident. The Plaintiffs contend that untoward things have been happening to them since their personal contact with the local investigators, but there is nothing to connect these occurrences (which the Plaintiffs do not specify) with the Defendants, their attorneys, or even the local investigators.

The Plaintiffs were, however, required to file a motion to compel the production of the investigatory materials, which implicates Fed. R. Civ. P. 37(a)(5)(A):

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The only exception arguably applicable here would be if the Defendants' initial refusal to produce the materials was substantially justified, *see* Fed. R. Civ. P. 37(a)(5)(A)(ii) ("But the court must not order this payment if [] the opposing party's nondisclosure, response, or objection was substantially justified[.]"), and although a good faith assertion of privilege might otherwise amount to substantial justification for refusing to produce the materials,

-4-

the undersigned Magistrate Judge's conclusion mentioned above, *i. e.*, that a reasonable person should have been alerted to possibility of prohibited direct contact between the Defendants' investigators and the Plaintiffs, militates against a finding of substantial justification. The undersigned Magistrate Judge therefore finds that an award of attorneys' fees to the Plaintiffs under Fed. R. Civ. P. 37(a) is appropriate here.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation of the "lodestar figure" typically yields a presumptively reasonable attorney's fee, though the "presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). *See also Two Old Hippies, LLC v. Catch the Bus, LLC*, 277 F.R.D. 448, 464-465 (D.N.M. 2011). In making these determinations, the Court may refer to affidavits, briefs, and depositions, as well as his own knowledge and experience. *See Jones v. Eagle-North Hills Shopping Centre, L.P.*, 478 F. Supp. 2d 1321, 1326 (E.D. Okla. 2007), *citing National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1325 (D.C. Cir. 1982) *and Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F. Supp. 2d 1272, 1287 (M.D. Fla. 2005). Furthermore, the Court is entitled to rely on its own knowledge and experience in determining an appropriate number of hours for the relief requested. *See Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998), *quoting Mares v. Credit Bureau of Raton*, 801 F.2d 1197,

1203 (10th Cir. 1986) ("A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use."); *Jones*, 478 F. Supp. 2d at 1326 ("[T]he Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation."). *See generally Brigham Young University v. Pfizer, Inc.*, 262 F.R.D. 637, 650 (D. Utah 2009) ("The Court [] finds that the documented time and requested fees spent in preparation for the two day sanctions hearing, over 611 hours for approximately 6 hours of Court time, excessive.").

The Plaintiffs claim their attorneys expended approximately 74.9 hours of work (not including travel time) on this discovery dispute at rates ranging from $350/hour to $975/hour. Much of this time was expended, however, on efforts that proved unavailing as discussed above. Based on review of the information submitted by the Plaintiffs, the briefing by all parties, the arguments presented at the hearings and the results ultimately obtained by the Plaintiffs, the undersigned Magistrate Judge finds that twelve hours was reasonably spent in pursuit of the motion to compel and that a reasonable hourly rate for such time in this Court would be $350 per hour (the rate specified by the Plaintiffs' local counsel). This yields an award of $4,200.00 in attorneys' fees in connection with the motion to compel, which the undersigned Magistrate Judge finds to be appropriate on the facts of this case. The Defendants are therefore ordered to pay such amount to the Plaintiffs pursuant to Fed. R. Civ. P. 37(a)(5)(A).

**Conclusion**

For the reasons set forth above, the Plaintiffs' First Motion for Sanctions for Ethical and Legal Violation [Docket No. 86] is hereby GRANTED insofar as it seeks an award of attorneys' fees pursuant to Fed R. Civ. P. 37(a) but otherwise DENIED.  The Defendants are hereby ORDERED to pay the Plaintiffs $4,200.00 in attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(A).

IT IS SO ORDERED this 18th day of August, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**