# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. FAQIR SINGH,<br>2. GURDIP KAUR,<br>3. FAQIR SINGH and GURDIP KAUR, as next of kin of HARPREET SINGH, deceased,<br><br>*Plaintiffs*,<br><br>v.<br><br>1. ABF FREIGHT SYSTEMS, INC.,<br>2. ARCBEST CORP.,<br>3. JUAN T. POSADAS,<br>4. ACE AMERICAN INSURANCE COMPANY, and<br>5. DOES 1-3,<br><br>*Defendants*. | Case No. CIV-19-340-RAW |

## ORDER

This matter comes before the Court on the Motion for Judgment on the Pleadings [Docket No. 47], filed by Defendants ABF Freight Systems, Inc. ("ABF"), ArcBest Corp. ("ArcBest"), Juan T. Posadas ("Posadas"), and Ace American Insurance Company ("Ace"). For the reasons set forth below, the Court grants in part and denies in part the Motion.

## BACKGROUND

This action arises from a motor vehicle incident involving Posadas in which Harpreet Singh was killed. Plaintiffs Faqir Singh and Gurdip Kaur ("Plaintiffs"), parents of the decedent, filed suit individually and as next of kin against Posadas (driver of the vehicle at issue), ABF (Posadas' alleged employer), ArcBest (ABF's parent company and Posadas' alleged employer), Ace (Posadas, ABF, and ArcBest's alleged liability insurer), and Does 1-3. Plaintiffs assert five causes of action: (1) negligence against ABF, ArcBest, and Does 1-3 under theories of respondeat

superior, agency, and joint venture; (2) negligence against ABF, ArcBest, and Does 1-3 under theories of negligent entrustment, negligent supervision, negligent hiring, and negligent failure to train; (3) negligence against Posadas; (4) survival against all Defendants; and (5) punitive damages against Posadas, ABF, ArcBest, and Does 1-3.

Pursuant to Federal Rule Civil Procedure 12(c), Posadas, ABF, ArcBest, and Ace (collectively, "Defendants") moved for judgment on the pleadings, seeking dismissal of all causes of action Plaintiffs assert in their individual capacities, the second cause of action for negligence, the fourth cause of action for survival, and all causes of action asserted against Ace.

## LEGAL STANDARD

Judgment on the pleadings is proper "only when the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012). The standard applicable to a Rule 12(c) motion for judgment on the pleadings is the same standard applicable to a Rule 12(b)(6) motion to dismiss. *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009). Accordingly, the court accepts as true all well-pleaded allegations in Plaintiffs' Complaint and construes them in the light most favorable to Plaintiffs. *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). The court, however, is not bound to accept as true legal conclusions or mere conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion for judgment on the pleadings, the complaint must contain enough "facts to state a claim to relief that is plausible on its face," and the factual allegations must be "enough to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I.      Plaintiffs' capacity to sue.**

Plaintiffs filed suit in two capacities: as individuals and as next of kin to Harpreet Singh, deceased. Seeking dismissal of the claims Plaintiffs assert as individuals, Defendants argue Plaintiffs lack capacity to assert individual claims because such claims are not authorized by Oklahoma's wrongful death statutes. The court agrees. Plaintiffs are entitled to bring claims as next of kin, but lack capacity to do so as individuals.

At common law, a claim for personal injury abated with the death of the injured person and no cause of action for wrongful death existed. *Ouellette v. State Farm Mut. Auto. Ins. Co.*, 918 P.2d 1363, 1366 (Okla. 1994). The cause of action for wrongful death, in derogation of the common law, therefore exists solely by virtue of statute. *Id*. Consequently, "any right of survivors to bring an action and the nature of damages allowed are based upon the wrongful death statutes." *Farley v. City of Claremore*, 465 P.3d 1213, 1233 (Okla. 2020). The applicable statutory provision, Okla. Stat. tit. 12, § 1053(A), provides:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his or her personal representative if he or she is also deceased, if the former might have maintained an action, had he or she lived, against the latter, or his or her representative, for an injury for the same act or omission.

The statutory framework also includes "a hierarchy of persons who may sue in a wrongful death action." *Weeks v. Cessna Aircraft Co.*, 895 P.2d 731, 734 (Okla. Civ. App. 1994). Okla. Stat. tit. 12, § 1054 provides:

> In all cases where the residence of the party whose death has been caused as set forth in the preceding section of this article is at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in the said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased.

Under Oklahoma law, "[a] wrongful-death claim may be pressed *only* by persons authorized to bring it (§§ 1053 and 1054)." *Ouellette*, 918 P.2d at 1366 (emphasis in original). Pursuant to the hierarchy in Okla. Stat. tit. 12, § 1054, the action must be brought by the personal representative, but if no representative has been appointed, then it may be brought by the widow, or where there is no widow, by the decedent's next of kin. *Id*.

A party not expressly authorized as a plaintiff under Okla. Stat. tit. 12, § 1054 may not maintain an action for wrongful death. *Id*. at 1367 (holding that decedent's parents may not maintain wrongful death action where decedent's spouse appointed as personal representative); *see also Socia v. Traditions, Inc.,* 109 P.3d 359, 360 (Okla. Civ. App. 2005)(holding decedent's mother may not maintain wrongful death action where decedent's wife appointed as personal representative); *Est. of Ratley by & through Ratley v. Awad*, 2021 WL 1845497, at *3 (W.D. Okla. May 7, 2021)(holding that decedents' heirs may not maintain wrongful death action in their capacity at heirs but may maintain such action in their capacity as decedents' personal representatives).

Okla. Stat. tit. 12, § 1054 does not authorize any party to maintain an action for wrongful death in an individual capacity. *Moon v. Ellis*, 677 P.2d 668, 668 (Okla. Civ. App. 1984)(holding decedent's daughter may not file wrongful death action in her individual capacity and subsequent appointment as special administrator did not cure original defect). As a consequence, Plaintiffs may not assert wrongful death claims in their individual capacities.

II.     **Plaintiffs' claims for negligence against ABF and ArcBest.**

Plaintiffs assert a cause of action for negligence against ABF and ArcBest under theories of respondeat superior, agency, and joint venture. Plaintiffs assert a separate cause of action for negligence against ABF and ArcBest under theories of negligent entrustment, negligent

4

supervision, negligent hiring, and negligent failure to train. In its Answer, ABF admits it was Posadas' employer and that Posadas was operating the semi-tractor at issue in the course of his employment with ABF. *See* Docket No. 5 at ¶¶ 3, 8. In its Answer, ArcBest denies it was Posadas' employer. *See* Docket No. 7 at ¶ 3.

Defendants argue that because ABF admitted Posadas acted in the course of his employment with ABF at the time of the incident, Plaintiffs' cause of action for negligence against ABF and ArcBest under theories of negligent entrustment, negligent supervision, negligent hiring, and negligent failure to train are barred. Defendants are partially correct. While Plaintiffs claims against ABF for negligent supervision, negligent hiring, and negligent failure to train are barred, the claim against ABF for negligent entrustment may proceed. Further, all negligence claims against ArcBest may proceed.

The Oklahoma Supreme Court has held that where an employer admits its employee was acting in the course of employment during an alleged incident, the employer stipulates that liability, if any, will be imposed under the doctrine of respondeat superior. *Jordan v. Cates*, 935 P.2d 289, 293 (Okla. 1997). With such a stipulation, any other theory for imposing liability on the employer is unnecessary and superfluous. *Id*. Thus, where vicarious liability is established through stipulation, certain theories of non-vicarious liability, such as negligent hiring or negligent retention, are not available. *Id*. Claims for negligent hiring, training, or supervision, for example, "are available only when vicarious liability is *not* established." *Huntley v. City of Owasso,* 497 F. App'x 826, 834 (10th Cir. 2012)(unpublished)(emphasis in original).

One exception to this general rule, though, is a claim for negligent entrustment. *Fox v. Mize*, 428 P.3d 314, 318 (Okla. 2018). An employer's stipulation that an employee was acting in the course of employment at the time of a collision does *not* bar a claim for negligent entrustment.

5

*Id*. This is so because negligent entrustment arises from the specific act of entrustment undertaken by the employer, whereas other causes of action arise from the agency or employment relationship between the parties.[1] *Id*. at 320.

Here, ABF admitted it was Posadas' employer and that Posadas was operating the semi-tractor at issue in the course of his employment with ABF. *See* Docket No. 5 at ¶¶ 3, 8.  ABF has therefore stipulated that liability for negligence, if any, will be imposed under the doctrine of respondeat superior. Plaintiffs' claims against ABF for negligent supervision, negligent hiring, and negligent failure to train are thus barred. *See Jordan*, 935 P.2d at 293. Plaintiffs' claim against ABF for negligent entrustment, however, may proceed. *See Fox*, 428 P.3d at 318.

Unlike ABF, ArcBest did not stipulate that Posadas was acting in the course of his employment. Instead, ArcBest denies it was Posadas' employer. *See* Docket No. 7 at ¶ 3. The rule from *Jordan* "is limited to those situations where the employer stipulates that liability, if any, would be under the respondeat superior doctrine, thereby making any other theory for imposing liability on the employer unnecessary and superfluous." *Jordan*, 935 P.2d at 293. Because ArcBest did not stipulate to respondeat superior liability, the rule from *Jordan* is not applicable to claims asserted against ArcBest.

Plaintiffs allege Posadas was an employee of ArcBest. *See* Docket No. 2-2 at ¶¶ 3, 8. Plaintiffs also allege ArcBest owned the semi-tractor driven by Posadas. *Id*. at ¶ 8. Plaintiffs further allege Posadas failed to operate the semi-tractor in a safe and careful manner. *Id*. at ¶ 24. Accepting

---

[1] The Oklahoma Supreme Court has "recognize[d] the tension" in its case law and acknowledged the difficulty in discerning a persuasive basis to treat negligent entrustment differently than negligent hiring, as negligent hiring presumably also involves the specific acts of the employer. *Fox*, 428 P.3d at 322, n.12. Nevertheless, *Jordan v. Cates* remains good law. *Id*.; *see also Est. of Ratley by & through Ratley*, 2021 WL 1845497, at *4 ("Though roundly criticized, now 'limited to its facts,' and ripe for reconsideration, courts continue to recognize *Jordan v. Cates* as good law.").

6

these facts as true, ArcBest is not entitled to judgment on the pleadings regarding Plaintiffs' negligence claims.

### III.    Plaintiffs' cause of action for survival.

In addition to their theories of negligence, Plaintiffs assert a cause of action for survival. Defendants seek to dismiss this cause of action, arguing there is no independent claim for survival which is distinct from Plaintiffs' claim for wrongful death. Such an argument is not supported by Oklahoma law; Plaintiffs may maintain separate claims for survival and wrongful death.

The Oklahoma statutory provision addressing wrongful death (discussed above) is Okla. Stat. tit. 12, § 1053 ("When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter . . . ."). Oklahoma additionally has a statutory provision addressing survival, which provides:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same.

Okla. Stat. tit. 12, § 1051.

A claim for survival under Okla. Stat. tit. 12, § 1051 is distinct from a claim for wrongful death under Okla. Stat. tit. 12, § 1053. *Boler v. Sec. Health Care, L.L.C.*, 336 P.3d 468, 470 (Okla. 2014) (noting that plaintiff brought survival claims on behalf of the decedent's estate pursuant to Okla. Stat. tit. 12, § 1051 and a wrongful death claim on behalf of the decedent's beneficiaries pursuant to Okla. Stat. tit. 12, § 1053.). Oklahoma law "distinguishes survivor actions (those that could be brought by the decedent while alive) from wrongful death actions." *Id*. at 476. A survival action compensates for damages suffered by the decedent up to the time of death, while a wrongful death action compensates for damages suffered by the next of kin as result of the decedent's death. *Id*. at 476, n.11. Although claims under Okla. Stat. tit. 12, § 1051 and Okla. Stat. tit. 12, § 1053

are based on the same death, the damages resulting from the two claims differ. *Farley*, 465 P.3d at 1232.

Federal courts applying Oklahoma law have recognized that the two causes of action are distinct. *Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1501 (10th Cir. 1990)("The complaint clearly asserts a survival action on behalf of the estate under Okla. Stat. Ann. tit. 12 § 1051, and a wrongful death claim under Okla. Stat. Ann. tit. 12 § 1053, an option permissible under Oklahoma law."); *Deep Rock Oil Corp. v. Sheridan*, 173 F.2d 186, 189 (10th Cir. 1949).

A cause of action for survival exists independently of a cause of action for wrongful death. Plaintiffs are entitled to assert both claims.

**IV.    Plaintiffs' claims against Ace.**

Plaintiffs assert direct claims against Ace, the alleged insurer of Posadas, ABF, and ArcBest. Defendants, in response, argue Plaintiffs are not statutorily authorized to assert such claims and that Ace is not a proper party defendant. Accepting as true the factual allegations contained in Plaintiffs' Complaint, the court concludes Plaintiffs may assert direct claims against Ace.

As a general rule, a plaintiff may not bring a direct action against the insurer of an alleged tortfeasor absent statutory authorization. *Daigle v. Hamilton*, 782 P.2d 1379, 1383 (Okla. 1989). One statute providing such authorization is Okla. Stat. tit. 47, § 230.30, which creates a joint action against a motor carrier and its insurer where the carrier is required under the provision to be licensed and insured. *Mize v. Liberty Mut. Ins. Co.*, 393 F. Supp. 2d 1223, 1226 (W.D. Okla. 2005). Thus, where a motor carrier is subject to the licensing requirements of Okla. Stat. tit. 47, § 230.30, its insurer may be a proper party defendant. *Fierro v. Lincoln Gen. Ins. Co.*, 217 P.3d 158, 159 (Okla. Civ. App. 2009).

Oklahoma participates in the Unified Carrier Registration System. *See* Okla. Stat. tit. 47, § 162.1. Under this "single state system," interstate motor carriers register and insure in their home states and are not subject to individualized state requirements such as Okla. Stat. tit. 47, § 230.30. *Fierro*, 217 P.3d at 160. Accordingly, where an interstate motor carrier properly registers in its home state, it is not required to register under Okla. Stat. tit. 47, § 230.30, and the provision does not create a cause of action against that carrier's insurer. *Id.*

In its Motion for Judgment on the Pleadings, ABF claims it is not required to register under Okla. Stat. tit. 47, § 230.30 because it is registered with the Unified Carrier Registration System in its home state of Arkansas. ABF also attached to the Motion certain certificates that appear to be proof of its registration as a motor carrier in Arkansas. In considering a motion for judgment on the pleadings, however, the court considers only the pleadings and any exhibits thereto. *Park Univ. Enterprises, Inc. v. Am. Cas. Co. Of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006). If matters outside the pleadings are considered, the motion is treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d). Here, the court declines to consider the exhibits attached to Defendants' Motion for Judgment on the Pleadings and thereby convert it to a motion for summary judgment.

Instead, the court accepts as true the factual allegations in Plaintiffs' Complaint and construes them in the light most favorable to Plaintiffs. *See Anderson*, 521 F.3d at 1284. The Complaint alleges the semi-tractor driven by Posadas bore an Oklahoma license tag. *See* Docket No. 2-2 at ¶ 4. The Complaint further alleges ABF and ArcBest were insured as required by Okla. Stat. tit. 47, § 230.30. *Id.* Accepting as true that ABF and ArcBest were insured as required by Okla. Stat. tit. 47, § 230.30, then Ace would be subject to suit under Okla. Stat. tit. 47, § 230.30. *See Mize*, 393 F. Supp. 2d at 1226.

9

As pled, therefore, Plaintiffs may assert claims against Ace. If it so chooses, Ace may raise these issues again at a later stage in the proceedings.

## CONCLUSION

The court grants in part and denies in part Defendants' Motion for Judgment on the Pleadings. First, Plaintiffs are entitled to bring claims as next of kin, but lack capacity to do as individuals. Second, while Plaintiffs claims against ABF for negligent supervision, negligent hiring, and negligent failure to train are barred, the claim against ABF for negligent entrustment may proceed. All negligence claims against ArcBest may proceed. Third, Plaintiffs may assert separate claims for survival and wrongful death. Fourth, as pled, Plaintiffs may maintain an action against Ace. Finally, the court declines to grant Plaintiffs leave to file an amended complaint because such an amendment would be futile and not remedy the legal deficiencies discussed here. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 777 (10th Cir. 2021).

For these reasons, the Motion for Judgment on the Pleadings [Docket. No. 47] is **GRANTED IN PART and DENIED IN PART**. The claims Plaintiffs assert in their individual capacities are dismissed. Additionally, the claims for negligent supervision, negligent hiring, and negligent failure to train Plaintiffs assert against ABF are dismissed.

**IT IS SO ORDERED** this 6th day of October, 2021.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**